Per Curiam.

The award in this cause is to be construed like all other written documents, according to the meaning and effect of the words used, and the referees cannot be called as witnesses, to state what their meaning and intent was, in the language which they employed. If such testimony would vary the construction, i ;s inadmissible, being in effect to alter their *138 award, after their powers were at an end; if otherwise, it would be immaterial.
The referees make their award in one way, on condition that Elijah White, who was admitted to testify before the referees, shall be adjudged, by the justices of the Supreme-Judicial Court, to have been legally admitted to testify. By the true construction of this award, we think the question intended to be submitted to the Court, was, whether White was a competent witness, according to the legal rules of evidence, not whether he could be admitted under the extraordinary powers vested in the referees, as arbitrators, without regard to his legal competency. We think there is no doubt that the referees might receive the testimony of an incompetent witness, if in their judgment the justice of the case required it; but that their intention was, as expressed in their award, to found their decision upon legal and competent evidence.
The question then is, was this witness incompetent by reason of interest, and the Court are of opinion that he was. He was the acknowledged agent of the plaintiff to receive the money ; his receipt was ■prima facie evidence that he had received it, and the plaintiff had given him no release. If the plaintiff failed in this suit, he would have an immediate action against the witness for money had and received, an action which a recovery in this suit would bar. Tf the plaintiff should prevail in this suit, the defendant would have no action over against the witness, to recover back the money, without being obliged to prove not only that he had paid the money according to the terms of the receipt, but also that the witness had been guilty of some breach of trust, towards the party of whom the money was received, so as to bring the case within the principle of Fowler v. Shearer, 7 Mass. R. 23.[1] Otherwise, the witness being duly authorized to receive the money, would be responsible to his principal only, and not to the defendant. We think, therefore, that his direct interest on one side, was not balanced by an equal interest on the other side, and that he was not a competent witness.
Nor does the witness come within the exception in regard *139 to agents. This exception is founded upon considerations of necessity and great public convenience, for the sake of trade, and the common usage of business. These considerations cannot apply where a witness is called to testify to facts out of the usual and common course of business, and to contradict and deny the effect of those acts which he appears to have done as such agent.
We are therefore of opinion, that by the terms of the alternative award, the defendant is entitled to recover his costs, and judgment must be rendered accordingly.

 See 1 Stark. Evid. (5th Am. ed.) 111 et seq.